UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Andre Goddard, Jr.,

        Plaintiff,

v.

Charles Fiore, Felix Boyd, Michael Kaplan, and Cheryl A. Goddard,

        Defendants.

24-cv-5943 (NRM) (PK)

**MEMORANDUM AND ORDER**

NINA R. MORRISON, United States District Judge:

*Pro se* Plaintiff Andre L. Goddard, Jr. filed this action in the United States District Court for the District of Columbia, which transferred the action to this Court by Order dated July 10, 2024. Transfer Order, ECF No. 3. Plaintiff, who resides in Washington, D.C., brings this action under the Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332, and names Defendants who reside in New York and Maryland. Compl. 1–4, ECF No. 1. Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons discussed below, Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

The following facts are drawn from the Plaintiff's Complaint and are assumed to be true for purposes of this Memorandum and Order. Plaintiff's claims arise from a dispute over the ownership of real property at 250 Tompkins Avenue in Brooklyn, New York, valued at approximately $1.45 to $2.24 million. Compl. at 5. Plaintiff asserts that he was conveyed an 8.57% property interest — worth roughly

1

$191,168.00 — by the estate of James Goddard on April 17, 2024. *Id.* at 5–6. Plaintiff asserts that "the Property is entangled in a probate proceeding." *Id.* at 6. He contends that the property was entered into probate at the Kings County Surrogate's Court on July 23, 2010, and the Public Administrator has neglected his duty to invalidate a will that purported to convey 100% of the interest in the property to Felix and Jasper Boyd. *Id.* Plaintiff requests that the Court quiet title to his 8.57% interest in the property, partition the property, and grant monetary damages. *Id.*

## DISCUSSION

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015) (holding that a district court may dismiss an action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

Under the diversity statute, federal courts have subject matter jurisdiction over claims when the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). The party asserting diversity jurisdiction bears the burden of proving it exists by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005); *Finnegan v. Long Island Power Auth.*, 409 F. Supp. 3d 91, 96–97 (E.D.N.Y. 2019).

Here, Plaintiff resides in Washington, D.C., and Defendants are alleged to reside in New York and Maryland. Compl. at 1–4. Therefore, for the purpose of this Order, the parties are deemed diverse in citizenship, and the amount in controversy appears to exceed the $75,000 threshold.

However, the probate exception — a "longstanding limitation[] on federal jurisdiction otherwise properly exercised" — divests this Court of subject matter jurisdiction to provide Plaintiff the relief he seeks. *Marshall v. Marshall*, 547 U.S. 293, 299 (2006). "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate" and "precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Id.* at 311–12; *see also Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 105 (2d Cir. 2007) (explaining that the probate exception removes probate matters from the scope of federal diversity jurisdiction); *Sasson v. Mann*, No. 21-922, 2022 WL 1580596, at *2 (2d Cir. May 19, 2022) (summary order) (same).

Determining whether a case falls within the probate exception involves a two-part inquiry into (1) whether the action requires the probate or annulment of a will or the administration of a decedent's estate, and (2) whether the action requires the court to dispose of property that is in the custody of a state probate court. *See Gargano v. Murphy*, No. 22-CV-242, 2022 WL 227234, at *4 (E.D.N.Y. Jan. 26, 2022). Here, both conditions are met. As is clear from the Complaint, Plaintiff is requesting that this Court enter one or more orders regarding the decedent's property that would necessarily entail involvement with the administration of an estate and decisions regarding real property that is in the custody of the Kings County Surrogate's Court.

*See* Compl. at 6. Thus, Plaintiff's claim is precluded by the probate exception to diversity of citizenship jurisdiction. *See, e.g., Dozier v. Dozier*, No. 24-CV-147, 2024 WL 964929, at *3 (E.D.N.Y. Mar. 6, 2024).

## CONCLUSION

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

The Clerk of Court is respectfully directed to enter judgment, close this case, mail a copy of this Memorandum and Order to the *pro se* Plaintiff, and note the mailing on the docket.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ Nina R. Morrison
NINA R. MORRISON
United States District Judge

Dated:   Brooklyn, New York
        October 17, 2024

4