UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ANDRE L. GODDARD, JR.,

               Plaintiff,

-against-

CHARLES FIORE, *et al*.,

               Defendants.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**
24-CV-05943 (NRM) (PK)

NINA R. MORRISON, United States District Judge:

*Pro se* Plaintiff Andre L. Goddard, Jr., who resides in Washington, D.C., filed this action under the Court's federal question jurisdiction, 28 U.S.C. § 1331, and diversity of citizenship jurisdiction, 28 U.S.C. § 1332, and named Defendants who reside in Brooklyn and Maryland. By Order dated October 17, 2024, this Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP") and dismissed the Complaint for lack of subject matter jurisdiction. *See* ECF No. 7. However, Plaintiff was granted leave to amend their Complaint. For the reasons discussed below, Plaintiff's Amended Complaint filed on March 12, 2025, Am. Compl., ECF No. 10, is dismissed for lack of subject matter jurisdiction.

## Background

The following facts are drawn from the Plaintiff's Amended Complaint, and the allegations are assumed to be true for the purposes of this Memorandum and Order. Plaintiff's claims arise from a dispute over the ownership of real property at 250 Tompkins Avenue, Brooklyn, New York. Am. Compl., at 2. Plaintiff asserts that they obtained an 8.57% property interest from the estate of James Goddard for $1.00 and services rendered through his company valued at $35,000.00 and documented by a deed executed on April 17, 2024. *Id*. Plaintiff asserts that the property is administered by Defendant Fiore, as the attorney for the Kings County Public Administrator, who

1

"failed to recognize Plaintiff's vested interest and has actively excluded Plaintiff from possession and access." *Id*. Plaintiff states that they sought relief in Kings County Surrogate's Court, but on February 10, 2025, the Surrogate's Court declined to entertain their action as they lacked standing because they were a tenant rather than a beneficiary of the estate. *Id*. at 3. For relief, Plaintiff seeks to have the Court quiet title, partition the property, and grant monetary damages.

## Standard of Review

An amended complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy"; or (2) "the claim

2

is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted).

## Discussion

**The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claim**

If the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015) (holding that a district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

A case properly invokes federal question jurisdiction when federal law creates the plaintiff's cause of action or when "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks omitted). Liberally construing Plaintiff's allegations to raise the strongest arguments they suggest, the Amended Complaint does not suggest any basis for exercising federal question jurisdiction. Plaintiff's claims do not arise under the Constitution or any federal laws. *See* 28 U.S.C. § 1331. Because the Court does not have federal-question jurisdiction, it can only adjudicate this claim if it has diversity jurisdiction.

Under the diversity statute, federal courts have subject matter jurisdiction over claims when the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC,* 692 F.3d 42, 48 (2d Cir. 2012). The party asserting diversity jurisdiction bears the burden of proving it exists by a preponderance of

the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir. 2005); *Finnegan v. Long Island Power Auth.*, 409 F. Supp. 3d 91, 96–97 (E.D.N.Y. 2019). For the purposes of this Order, the parties are deemed diverse in citizenship, and the amount in controversy appears to exceed the $75,000.00 threshold.

The Court's prior Order dismissed the action based on the probate exception to federal diversity jurisdiction. *See Goddard v. Fiore*, No. 24-CV-5943 (NRM) (PK), 2024 WL 4515284, at *1–2 (E.D.N.Y. Oct. 17, 2024). Plaintiff now argues that the probate exception does not apply to the facts of this action based on the *Erie* doctrine, which holds that federal courts must apply the substantive law of the state in which they sit when deciding state law claims. *See* Am Compl. at 4 (citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)). Plaintiff argues that because New York law grants them "substantive rights to pursue property claims . . . this Court must exercise jurisdiction in accordance with *Erie* and decline to apply the judge-made probate exception in a manner that would override state-law property rights." *Id.* While Plaintiff's argument is creative, it is inapplicable here. "Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 4727 (1996). In this case, due to the probate exception, this Court lacks the jurisdiction to "sit in diversity" at all, rendering the Erie doctrine irrelevant to this case.

The probate exception reserves to state probate courts the probate of a will and the administration of a decedent's estate and precludes federal courts from disposing of property that is in the custody of a state probate court. *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006); *see Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 105 (2d Cir. 2007) (confirming that "probate matters are *excepted* from the scope of federal diversity jurisdiction" (emphasis supplied and internal quotation marks omitted)). Determining whether a case falls within the probate exception involves

a two-part inquiry into (1) whether the action requires the probate or annulment of a will or the administration of a decedent's estate, and (2) whether the action requires the court to dispose of property that is in the custody of a state probate court. *Gargano v. Murphy*, No. 22-CV-242, 2022 WL 227234, at *4 (E.D.N.Y. Jan. 26, 2022). Here, both conditions are met. Plaintiff is requesting that this Court get involved in the administration of an estate and make decisions regarding real property that is in the custody of the Kings County Surrogate's Court. Thus, Plaintiff's claim is precluded by the probate exception to diversity of citizenship jurisdiction. *See, e.g., Dozier v. Dozier*, No. 24-CV-00147, 2024 WL 964929, at *3 (E.D.N.Y. Mar. 6, 2024) ("The probate exception . . . precludes federal courts from disposing of property that is in the custody of a state probate court.").

## Conclusion

Accordingly, the Amended Complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

The Clerk of Court is respectfully directed to enter judgment, close this case, mail a copy of this Memorandum and Order to the *pro se* Plaintiff, and note the mailing on the docket.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S.438, 444–45 (1962).

SO ORDERED.

                                                                                      */s/ Nina R. Morrison*
                                                                                    NINA R. MORRISON
                                                                                    United States District Judge

Dated: Brooklyn, New York
       April 15, 2025